KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAYNE DUFFER, and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUTTELL & HAMMER, P.S., a Washington corporation; and PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT – CLASS ACTION<br><br>JURY DEMANDED |

I. INTRODUCTION

Plaintiff Wayne Duffer brings this class action Complaint, by and through his undersigned counsel, against Defendants Suttell & Hammer, P.S. ("Suttell") and Portfolio Recovery Associates, LLC, ("PRA") individually, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

CLASS ACTION COMPLAINT - 1

## II. JURISDICTION AND VENUE

2.1 The Court has jurisdiction over this class action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2 Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III. NATURE OF THE ACTION

3.1 Plaintiffs bring this class action for damages for Defendants actions of using unfair and unconscionable means to collect a debt.

3.2 Defendants' actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3 Plaintiffs seek damages, declaratory and injunctive relief.

## IV. PARTIES

4.1 Plaintiff is a natural person and resident of the state of Washington and is a "Consumer" as defined by 15 U.S.C § 1692(a)(3).

4.2 Plaintiff resides in the Eastern District of Washington

4.3 Defendant Suttell is a Washington corporation that regularly conducts business in the Eastern District of Washington.

CLASS ACTION COMPLAINT - 2

4.4  Defendant PRA is a foreign limited liability company, with its principal place of business in Virginia.

4.5  Defendant PRA regularly conducts business in the state of Washington.

4.6  Defendants are each a collection agency, regulated by RCW 19.16, et seq.

4.7  Defendant PRA's principal business purpose is the collection of debts.

4.8  Defendant Suttell regularly attempts to collect debts alleged to be due to another.

4.9  Suttell is a "debt collector," as defined by the FDCPA, 15 U.S.C § 1692a(6).

4.10  Portfolio is a "debt collector," as defined by the FDCPA, 15 U.S.C § 1692a(6).

## V. CLASS ACTION ALLEGATIONS

5.1  Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2  The Class consists of:

(a)  All individuals with addresses in the state of Washington;

(b)  Who were sued by Portfolio in a Washington Court;

(c)  In a case where Portfolio was represented by Defendant Suttell;

CLASS ACTION COMPLAINT - 3

    (d)    Where the complaint failed to state the name of the original creditor; and

    (e)    Where the lawsuit was filed within one (1) year prior to the filing of this action and on or before the date that this Court certifies the class.

5.3    The identities of all class members are readily ascertainable from the records of the Defendants and the Courts where the offending cases were filed.

5.4    Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.5    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis, allege that the Class defined above is so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions

CLASS ACTION COMPLAINT - 4

predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' lawsuits violate the FDCPA 15 U.S.C §§ 1692, et seq.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and

CLASS ACTION COMPLAINT - 5

without unnecessary duplication of effort and expense that individual's actions would engender.

5.6 Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.7 The class period is the one (1) year proceeding the filing of this case, where Defendant either served or filed any superior court lawsuit, through the date that the class is certified.

## VI. PLAINTIFF DUFFER'S ALLEGATIONS OF FACT

6.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2 Sometime prior to 2017, Plaintiff incurred a debt that was primarily for personal, household, or family purposes.

6.3 The debt that Defendants alleged Plaintiff owed was for a Capital One credit card.

CLASS ACTION COMPLAINT - 6

6.4 Plaintiff did not have an agreement with Capital One that he would arbitrate any legal claims, or waiving his right to participate in a class action.

6.5 Defendant PRA purchased Plaintiff's credit card debt from the credit card company, for a fraction of the account's total alleged balance, for the purpose of collecting the balance from Plaintiff.

6.6 On December 29, 2017, Defendants filed a summons and complaint against Plaintiff Duffer in the Spokane County District Court.

6.7 Defendants' filed complaint omits any reference to the original account creditor, other than the last four digits of a sixteen-digit account number.

6.8 Plaintiff did not recognize the last four digits of the account that Defendants attempted to collect.

6.9 Plaintiff did not know what account, if any, had been sold or assigned to Portfolio for collection.

6.10 Plaintiff did not recognize the balance, or the total amount requested in the state court complaint, as a balance owed by him to anyone.

6.11 Plaintiff was confused by the Complaint's failure to identify the creditor that was claiming entitlement to his money.

CLASS ACTION COMPLAINT - 7

6.12 Failing to identify the original creditor caused the Plaintiff stress and frustration.

6.13 Prior to the date that Defendants filed the lawsuit against Plaintiff, Suttell had information in its possession identifying the original creditor of Plaintiff's account.

6.14 Prior to the date that Defendants filed the lawsuit against Plaintiff, PRA had information in its possession identifying the original creditor of Plaintiff's account and had advised Suttell of name of the original creditor.

6.15 The Spokane County District Court lawsuit was the first communication that Plaintiff received from Defendant Suttell.

6.16 The Spokane County District Court lawsuit was the first communication that Defendant Suttell sent to Plaintiff, which was delivered to him at his residence.

6.17 On or about November 3, 2017, Defendant Suttell attempted to send a communication in connection with the collection of the debt to Plaintiff but addressed it to "Apt 70 02", which is not the Plaintiff's address.

6.18 The November 3, 2017 letter was returned to Defendant Suttell due to the non-existent address.

CLASS ACTION COMPLAINT - 8

6.19  The Spokane County District Court lawsuit was the first communication that Plaintiff received from Defendant PRA.

6.20  In the one year preceding the filing of this lawsuit, Defendant Suttell has filed more than 250 lawsuits in the state of Washington that do not contain the name of the original creditor.

6.21  Through its attorneys, in the one year preceding the filing of this lawsuit, Defendant PRA has filed more than 250 lawsuits in the state of Washington that do not contain the name of the original creditor.

6.22  Plaintiff first learned the identity of the original creditor sometime after the Defendants obtained a default judgment against him.

## VII.  CAUSE OF ACTION
Violations of the Fair Debt Collection Practices Act
15 U.S.C §1692e *et seq.*

7.1  Plaintiff repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2  Defendants' failure to disclose the name of the original creditor is material because it may impact how a consumer chooses to respond to a lawsuit.

CLASS ACTION COMPLAINT - 9

7.3   Defendants' failure to disclose the identity of the original creditor constitutes a concrete informational injury that is particularized to the state-court defendant who receives the lawsuit.

7.4   Defendants' debt collection effort violated section 15 U.S.C. § 1692e of the FDCPA, which prohibits any false, deceptive, or misleading representation by a debt collector.

7.5   By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants' conduct violated §1692e of the FDCPA, statutory damages, costs and attorney's fees.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

8.1   Declaring that this action is properly maintainable as a Class action and certifying Plaintiffs as Class representatives and Kirk D. Miller as Class Counsel;

8.2   Awarding Plaintiffs and the Class damages pursuant to 15 USC § 1692k;

8.3   Declaratory relief that the Defendants violated the Washington Collection Agency Act, RCW 19.16.250(21).

8.4   Injunction against the Defendants, pursuant to RCW 19.16.450, prohibiting them and "any other person who may thereafter legally seek

CLASS ACTION COMPLAINT - 10

to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim".

8.5 Awarding Plaintiffs costs of this Action, including reasonable attorney's fees and expenses;

8.6 Awarding pre-judgment interest and post-judgment interest; and

8.7 Awarding Plaintiffs and the Class such other and further relief as the Court may deem just and proper.

DATED this 27th day of November, 2018.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 11